20-1728 from the District of North Dakota, John Pietsch et al. v. Ward County et al. Very good. Now I have lost Mr. Ward on my screen. Does everybody have him? He needs to speak. We'll have him. I'm here. Can you see me, Your Honor? No. There you are. It's better if I get you pinned. Very good. Mr. Nicklaus, it's your turn. Thank you, Your Honor. May it please the court, counsel. The issue is clear for this court. The court must determine basically one issue. Whether Ward County can blatantly ignore the standards set forth Nolan and Dolan and Koontz in its exactions process. If the answer is no, then the court must reverse the district court's opinion. Simply put, this case comes down to whether the Supreme Court, through Nolan, Dolan and Koontz, created specific procedural due process requirements that a land use authority must undertake in order to enact a legal exaction. If the court believes the Supreme Court did create... Wait, counsel, those weren't due process cases and you didn't bring a takings claim. So there's another bridge which looks like a gulf that you have to cross. Yes, Your Honor. And the reason that we brought a due process claim instead of a takings case comes for a few reasons. This case is distinguishable from Nolan, Dolan and Koontz in the sense that the process was... They had a correct process initially in Nolan, Dolan and Koontz. In each of those cases, the California Coastal Commission made factual findings regarding the burden the project would have on the public and how the dedication of an easement would alleviate that burden. Now, the question in Nolan was, was that burden correct and did it actually alleviate that burden? Dolan had a similar factual finding. Factual findings proposed that the project would likely increase traffic and affect the floodplain. However, the required dedication was found to not really alleviate the traffic that was suggested in Dolan. So once again, there was... Counsel, let me suggest to you the procedures were correct in Nolan, Dolan and so they went on from there. It seems to me that the procedure... Wait, wait, let me finish my question, please. It seems to me that the ordinance here creates a presumption that the right-of-way is appropriate and the procedure is in the form of a variance exception. Now, that is procedure. You don't argue that that's an inadequate procedure. You just say that they aren't applying the right standards and then you make a takings argument. I don't think you haven't bridged the gulf for me. And where I think that the difference comes with this case compared to all the other cases where takings was brought instead of a due process claim is there were never individualized findings. The individualized findings, which is required in Dolan, was never conducted in this case. There's never an individualized determination. Because the clients turned down the request that offered compensation. In one case, the clients turned down offered compensation that was brought before the application ever came. There was a request to purchase this land before this application ever came, before the permit was ever brought up. But that doesn't change the fact that in Irwin's case, there was never a request for a purchase and there was never compensation offered to Irwin. And generally, regardless as to John Pace's case, generally there has never been compensation offered for any of these. So it's not that compensation was ever offered in the first place. And so where the process really is flawed is there is never an individualized determination as to that essential nexus. And there's never an individualized determination as to whether it fits within whether there's ever a burden on the property, whether there's a community burden. And this comes down to what really is brought out with exactions cases all around. There's kind of two realities that comes with exaction cases. First off, land use permits applications are especially vulnerable to coercion. Let me interrupt you. You said the magic words to me, local land use decisions. We have a case that says due process claims, and I'm quoting every word. Due process claims involving local land use decisions must demonstrate the government action is truly irrational. Something more than, more than, I said that one twice, arbitrary, capricious, and in violation of state law, unquote. Now, that's an extremely high hurdle. And where does your case get anywhere near that extremely high hurdle? And it doesn't get to that extremely high hurdle. However, what we argue is that the Supreme Court sets forth what the standard is in an exactions determination, unlike other land use decisions that are uniformly applied and are created through a legislative action. In an exactions determination, we're looking at an adjudicative action where there needs to be an individualized determination. Council, do you have any other cases, what are your cases where Nolan and Dolan have been applied in a process case like you're bringing here? They have never been applied in a process case. And the reason being comes back to what we've said before. Ward County is a step behind these other cases where it came as a takings case. They never made that individualized determination, and they never made a decision as to what effects will this particular permit have on the community. So back to the question. So are you asking us to apply these Supreme Court cases in this context as the first court to do so? Yes. Yes, Your Honor. What about the Supreme Court's language in Lingle v. Chevron, where it distinguishes Nolan and Dolan and says that due process concepts and the takings doctrine are two completely different things? I think that's a fair statement of what they say. Why doesn't that also present yet another problem for you? And where it doesn't present another problem is, once again, where the due process... Well, Council, Council, would you address the Supreme Court case of Lingle v. Chevron, the 2005 case, if you're familiar with it? Yes, I am. I am familiar with the case. And where that case comes down to is, basically, there was a takings issue where the state of Hawaii was trying to take away their right to charge rent, whatever rent they chose. And where the problem came and where they distinguished due process from the takings cases of Nolan and Dolan really comes down to this idea that due process is the step before takings. Takings is the question of the after result of the process itself. So the process makes determinations and findings, and the takings case really challenges those determinations and findings. So the findings may have been incorrect in Lingle, where they basically state that rent could not be changed in these ways. And this actually did not bring the results that were hoped by the state of Hawaii. And where we're challenging it here is that process can never be valid. That process right here, it never goes to the point of finding individualized factual determinations. And so that is where our concern is, and where we brought a due process claim instead of a takings claim, is because they're not even getting to the factual findings. And until those factual findings are determined, there's no way for us to get to the takings claim. Well, counsel, now I know this is my theme of the day, but I'm going to say it to you. And again, I'm Missouri bound. But Missouri has inverse condemnation. Why does it? That's a classic remedy, at least in Missouri, for exactly what you're talking about. And that doesn't require doing the due process. That doesn't require doing this. That requires just going to court and filing a case and saying the government stepped over the line on their easement, on their plan, on the way they're running the highway. It's very broad, at least in my state. So why doesn't that defeat most of your argument? In North Dakota, an inverse condemnation case takes the form that the property would have to be given at that point. At that point, we would have to accept the permit. Right. Let them take the property. And so. And then sue them. And then sue them the same moment that it's recorded. Maybe even before it's recorded. We won't go there. And then sue them immediately. So there's not a substantive due process problem here, right? Yes, there is not a substantive due process problem here. There is a procedural due process. Thank you. And that procedural due process issue comes down to once again, there is no there was never an individualized determination. That the property had a public it had any kind of public harm that the exactions that were needed would alleviate any kind of public harm. And that is where this case really comes down to at the very end of the day is that the process needs to include those things. And what it comes down to at the end of the day is. Ward County is not making findings and is specifically and blatantly not making determinations that the Supreme Court says it must do. And it's process. Are you making any claim that your client did not have notice or an opportunity to be heard? We are not making a claim that they didn't have notice. They had notice, but we are saying they didn't have a meaningful opportunity to be heard because the variance hearing itself precludes them from being able to bring those arguments of there wasn't an essential nexus. And there isn't a rough proportionality to the to the exaction. The various process itself only looks at one thing, the physical hardship that could happen to the land. Anything else? So your opportunity to be heard argument really is subsumed by your kind of Nolan Dolan argument. Yes. Yes, Your Honor. And and it comes down to the fact that. The Supreme Court created a particular process, and they said in that process that there needs to be an individualized determination and there needs to be some effort to quantify the findings to support in support of the dedication. If there is an individualized determination and there isn't an effort to quantify those findings and the process itself, the process is fundamentally flawed. And anything outside of that essentially goes outside that process, and it is not a meaningful hearing at that time. And you can see this with the standards that are created in Matthews. Matthews creates three standards essentially, and those standards to make a meaningful hearing comes out to this essentially. What's the private interest taken? Well, that private interest is pretty great in this case. Either they have the right to subdivide or they have the right or they have a permanent loss of property. So the determination in that hearing has to determine one of those two things, and those are pretty significant. And so there needs to be a pretty significant evidentiary hearing to allow for that to be sussed out at the same time. The second element is what is the risk of an erroneous deprivation of such interest under the current process and the probable value of the proposed procedural safeguards? The risk is guaranteed because they never make that individualized determination. They never gather the facts to show that this dedication is necessary. And then finally, what is the burden an additional process would have to the government? And there is no burden at this time. The Supreme Court already requires them to have this kind of hearing in the first place. They need to make those determinations, or it is an illegal exaction. Anything after that, it is already decided. They have to make these determinations. Whether that is said under a takings case or it is in the process itself, they have to make that determination. So any process that does not do these things is meaningless in a lot of ways. And so at the same time, they already are making individualized determinations of other factors. They have to make individualized determinations as to whether this would be a public good, whether the floodplains will be harmed or anything like that. They are already making those determinations, but they are not doing it in an exactions context. Counsel, just for me, would you please define illegal exaction? Yes. I was not a zoning lawyer. An illegal exaction comes when an exaction lacks an essential nexus, meaning it does not fit within a context of something the governing body wants to do, a meaningful thing the government would want to do. And it does not have a rough proportionality, meaning that the exaction and the property... Wait a minute. Does it only apply in what the Supreme Court refers to as unconstitutional condition situations? It applies with an unconstitutional condition situation and it applies under a takings action as well. But yes, it applies where there's an unconstitutional condition where you have to give up a right to get a permit. I see my time is up. So any illegal taking is what you're calling an exaction? No. Well, so tell me a taking that's not an exaction. A taking... So takings that are legal are obviously not exactions and regulatory takings are not exactions either. So a taking where in the sense of what was argued in Penn Central, where they said that the regulation itself took all meaningful use of the property, that is not an exaction. An exaction is the theory that... Okay, your time's up. Thank you. Thank you.  Mr. Ward? Thank you, Your Honor. May it please the Court. For the record, my name is John Ward and I'm an attorney for the Appalese and defendants Ward County. The District Court properly granted Ward County's motion for summary judgment. We ask this Court of Appeals to affirm that decision of the District Court dismissing the plaintiff's one count due process complaint on the basis that the plaintiff's attempt to substitute the takings analysis that the Supreme Court set forth in Nolan v. California Coastal Commission and Dolan v. City of Texas. This is not the correct standard to apply for a due process claim. As an initial matter, this case is not a takings case. The plaintiffs unequivocally stated in their motion for summary judgment and just now in their oral argument today that the plaintiffs have alleged that the dedication ordinance violates procedural due process. The District Court dismissed the plaintiff's substantive due process and procedural due process claims. The plaintiffs on appeal did not raise their substantive due process claim before this court. So the sole issue before this court is procedural due process. The standard of review is a de novo standard in reviewing a decision granting a motion for summary judgment. As this court stated in Quinn v. St. Louis County, this court may affirm the District Court's ruling for any reason that the record supports. The controlling precedent here for a procedural due process land use case was stated by this court in Anderson v. Douglas County, which provided, Assuming a landowner has a protectable property interest, procedural due process is afforded when the landowner has notice of the proposed government action and an opportunity to be heard. The plaintiff's argument to the District Court and to this court on appeal was that the procedural due process standard was established by the United States Supreme Court in the cases of Nolan and Dolan. However, those tests, the tests that were outlined in Nolan and Dolan, were considerations that courts must analyze in the context of takings cases. Nolan and Dolan provided... Counsel, let me ask you this. Why doesn't a meaningful opportunity to be heard in this context require consideration before denying a variance of the assertion that there's no proper relationship between the taking, I guess it's a regulatory taking. And the county's purpose. Counsel says it is argument that you don't need the right away for any legitimate purpose can't even be raised in the application for a variance exception. Why isn't that denial of a meaningful opportunity to be heard? Yes, your honor. Just so I am clear, I guess the question specifically is, is if the meaningful opportunity to be heard needs to consider the plaintiff's argument that that the Nolan and Dolan standards need to be applied. Is that what your question is? No, I'm not being, I'm not being that precise. He asserts that we couldn't make our argument. That's not, that's not within the purview of the, of the variance granters and therefore the variance process, which looks like it would be reasonable in an ordinance that creates a valid presumption. But it isn't, it isn't here because we can't, we can't even make an argument that the presumption shouldn't apply in this case. All right. Well, and I think the distinction there is similarly with the Nolan case and the Dolan case. I don't want to talk about Nolan, Dolan. I want to talk about procedural due process law. What does a meaningful opportunity to be heard mean with respect to arguments, issues, positions and so forth? Yeah. And so what I believe has occurred here and what I think we need to consider is the issue that's before the county commission. So here, what we're talking about specifically is the development of roads. And before we get to the second prong of the, the meaningful hearing consideration, the court has to look at what the protectable property interest is. And I think that. Oh, I see. You're saying, oh, there's, there's a property interest here. That doesn't pass the red face test suggestion. There's no property interest at stake. But the property interest that's, that's being advocated here is a property interest that involves a right to subdivide property. Now that property interest. No, no, no. The property interest is the right not to have the right of way land taken. Okay. Well, if that's the property interest, then that's not the property interest that was alleged by the, by the plaintiffs here. And certainly I think that that's the property interest that would be at issue in a takings case. But again, they have not alleged takings case. The property interest that the district court found, and then the plaintiffs adopted in their briefing to this court was found under NBCC 1133.2 dash 12, which is North Dakota's. North Dakota's plat approval statute for county commissions. Now, specifically in that plat approval statute, the statute states dedication of land to any public body may be required as a condition of subdivision approval. And she'll be clearly shown on the final plat. Now, the purpose for Ward County's dedication ordinance is specifically stated within its code of ordinances where it provides that. Counsel, I'm talking about the rational basis for the decision to deny the variance. And I know it's not as we're not talking about substantive due process, but if you, but if, if there is not a procedure where you can raise the question of whether there's a substantive due process problem, why isn't that a procedural due process problem? Well, certainly the. Issues were raised before the word county planning and zoning commission, and we're also raised before the word county commission. I know that we did attach an audio of that hearing to our. Appendix, and it's included in there, and there is a lengthy discussion that occurred between Mr. And the word county commission were several of these. Of these very issues were were discussed, but ultimately what was determined was that on the basis of the information that was submitted by Mr. Peach, his plat application, Mr. Peach was, was simply arguing to the county commission that their, that their product, that their, that their standard was unconstitutional, that the dedication ordinance was unconstitutional because it did not provide for just compensation. Now, that application that's to be submitted is a consideration of things that affect the land. Ward county adopted the ordinance originally to provide for certain widths based on streets. This was done in consultation with various engineers, the word county highway department, and they held a hearing on that ordinance. No one appeared to that at that hearing. Objected to that hearing. The purpose of establishing roads is very clear, and you can't have a piecemeal or a patchwork of of variances granted for for reasons that are not founded in anything that relates to the land. And that was part of the problem with Irwin's plat application as well. Irwin's plat application indicated that his hardship was that his land, instead of being worth $2,000 per acre as a, as a piece of agricultural property would be worth somewhere between 40 to $50,000. As you're arguing the merits of this, we're not, we're not at the merits aren't an issue on appeal on this appeal. And that's, and that's correct, Your Honor, and I, and I was simply trying to give some context for the, for the hearings. But really, at the end of the day, what this comes down to is that the plaintiffs haven't supported their argument that the process to be applied is a process that's set forth in the Supreme Court's takings cases of Nolan, Dolan, and Coons. It's abundantly clear that those cases were takings cases. There is not a takings case before this court. This case is a procedural due process case. As, as Judge Benton pointed out, this United States Supreme Court rejected that very idea in the case of Lingle versus Chevron, where, where there was an attempt to substitute due process and takings law analysis and interchange them. And that's exactly what's being done here as well. In considering a variance, the, the, the ordinance seems to, to limit consideration to just topography, but the district court found that the record show that perhaps you could raise other concerns in support of a variance other than topography. Is that borne out, in fact, that, that a landowner is in fact able to raise concerns other than those related to the topography of their land in support of a variance? Now, the hardship ordinance does provide that where it can be shown in the case of a particular proposed subdivision, that strict compliance with the requirements of these regulations would result in extraordinary hardship to the subdivider because of unusual topography or other such conditions would result in retarding the achievement of the objective of these regulations. So it does also provide that there is some, some discretion there for other such conditions to be applied. Does it say similar counsel? What was a, you quoted the word. Was it similar? Read, read me the similar phrase. Topography or, and I heard the word. Yes. Topography or other such conditions. Such or other such conditions. Yes. Are there any other words there? No, your honor. Okay, thank you. Go ahead. Yes. So, to be clear, the characteristics of the variance need to affect the land. So, what's considered by the county is something that would affect the land. So, in circumstances where these variances have been granted, often it's because that there is no possibility of future development or substantially unlikely that there will be future development because, you know, there's a lake that abuts the road or some other, some other factor. But the North Dakota Supreme Court has actually addressed those issues in respect to variances and has been very clear that that circumstances like this, where Mr. Peach is seeking a variance and other landowners owning adjacent properties have provided the dedication that you can't have what's referred to as spot zoning. And I think that that's an important distinction between the cases of Nolan, Dolan, and Coons from the incident case as well, because the dedications that were at issue in those cases were much different than planning for roads. There's some manner in which the plaintiffs seem to be critical of this individualized analysis. And I don't think anyone would disagree that Mr. Peach and Mr. Erwin were both afforded the opportunity for a hearing and that those hearings considered the individual applications of both of those people. But the distinction between this case and Nolan, Dolan, and Coons was that the balance between the government interest and the private interest was much more remote. In Nolan, we're talking about a family that wants to add a second story onto their home and California wanting to have, preserve the ocean view and saying, well, if you want a second story, we want an easement for lateral access to the beach. In Dolan, it was an electrical and plumbing store, which they wanted to expand, which would also result in an expansion of that parking lot and that that would create additional traffic and they wanted to have a bike path put in. Now, again, that's somewhat remote. And then Coons was an even different circumstance because Coons involved a monetary action in lieu of an actual dedication of land and cannot serve a basis here. In this case, where clearly the issue is a dedication, all of those cases focused on the landowner's right to just compensation. And all of those decisions decided that the case was a taking and that the government must pay compensation. Now, that's exactly the reason that the analysis that's at issue regarding just compensation is not appropriate in a procedural due process case, which evaluates notice and hearing. I see my time's expired. So thank you. Very good. Let's see, is there a rebuttal time? Mr. Nicholas, let me, let me ask you one question. Do you, Council argued that, that your, your clients argued in the variance proceeding only that the, that the ordinance was unconstitutional because it did not provide just compensation. Do you agree with that? I just, I apologize. I disagree with that summary. We brought the case that there wouldn't be traffic concerns and that the exaction was unneeded because the result of these different of the, the outlaw request. I'm just talking about what you argued in the variance proceeding. Yes. And that's what we argued in the variance proceeding. That was one of the parts of our argument was. All right, we can, we, I'm sure the record's there. Very good. Case has been well briefed and argued and we will take it under advisory.